Antonio Guijarro Cobián, Plaintiff, Cross-Defendant and Appellant, *v.* Otilia Lluberas Negroni, Defendant, Cross-Complainant and Appellee.

No. 7327.    Argued November 2, 1936.—Decided December 11, 1936.

*Ismael Soldevila* for appellant.    *M. Marcos Morales* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff, Antonio Guijarro Cobián, filed a suit against his wife for desertion. Ultimately, and after some preliminary proceedings, the defendant, Otilia Lluberas Negroni, filed a cross-complaint on the grounds of desertion of her husband and cruel treatment. Before the trial, the attorney for the plaintiff retired from the case and testimony was heard on the day of the trial without the plaintiff being present and without his having counsel. There is no suggestion in the record that the plaintiff could not have appeared either personally or by counsel. The court dismissed the plaintiff's complaint and rendered judgment in favor of the cross-complainant on both grounds. The plaintiff appealed and we have before us a motion to dismiss the appeal as frivolous.

A similar motion was previously presented and denied for the time being because we did not have a due record before us. This lack has been corrected by the appellant himself and the fiscal has presented his report on the completed record.

The appellant opposes the dismissal, first on the ground that there was collusion between the parties. To justify his position appellant draws attention to the fact that certain steps were taken by both parties with extreme rapidity, but rapidity of action is not necessarily inconsistent with the lack of a collusion. Plaintiff may have thought that his case was hopeless or otherwise, but independently of the motives that he may have had for taking no more active steps in defense of his case, he has not met the burden of showing that there was in fact collusion. There is nothing in the record that would satisfy us of such collusion and the appellant could not be helped in this regard by a final hearing on the merits.

The plaintiff attacks the sufficiency of the cross-complaint. The theory of the appellant is that the cross-complainant should have alleged that her husband deserted her more than a year before the filing of his complaint. The

averment of the cross-complaint is to the effect that the plaintiff deserted the cross-complainant more than a year before the filing of the cross-complaint. This expression of "more than a year before" is consistent with a period of more than a year before the filing of the complaint. In the court below the plantiff might have moved that the cross-complaint be made more specific. In the absence thereof we are satisfied that the evidence adduced at the trial tended to show that the desertion of the husband actually took place more than a year before the filing of the complaint. Thus the lack of specification in the cross-complaint could be considered cured. In point of fact it is perfectly clear that each of the parties in this case was relying on the same point of time at which they separated. In other words, while the complaint alleges a desertion at some previous period of time, the cross-complainant adduced testimony tending to show that the alleged desertion on which the plaintiff relied was caused by his acts and not by hers. We think it is a fair inference that the parties in their pleadings or otherwise were referring to the same date.

The cross-complainant admitted that she left the matrimonial domicile but the theory of her case was that she was forced to leave by the acts of her husband. The appellant maintains that the averments with regard to his constructive desertion should have been more specific. But this is another matter which could by proper motion have been reached in the lower court and be considered cured at the trial.

With respect to the cause of action for cruelty the appellant similarly alleges a lack of specification and insists that the cross-complaint should have contained an averment that the acts of cruelty committed against the wife were without provocation on her part. We incline strongly to the view, however, that such an averment would be more properly a matter of defense. In other words, a defendant must show and hence should plead that the alleged acts of cruelty were

689

provoked by the other party. The appellant cites authorities to the contrary but the general policy in this jurisdiction is not to require the plaintiff to anticipate matters of defense. Moreover this objection like the foregoing failures to specify, could be and was cured by the evidence at the trial. Furthermore, any doubt as to the sufficiency of the cross-complaint in this regard could not affect the judgment as it could be affirmed on the ground of desertion alone.

■ The appellant asks us to consider errors during the production of the evidence. The least important was that the court permitted leading questions. This is ordinarily a matter within the sound discretion of the court. The principle that all presumptions are in favor of the correctness of a judgment would cover the case of a court exercising discretion to admit leading questions.

The other objections relate to the sufficiency of the evidence in general and especially to cruelty.

While the evidence might be stronger it tended to show that the cruel treatment of the husband caused the wife to leave the common domicile and return to her parents and the court believed it. The sufficiency of the evidence to support the judgment is confirmed by the report of the fiscal.

We find no reason for giving the case greater consideration by a hearing on the merits and the motion to dismiss as frivolous should prevail.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison took no part in the decision of this case.